## MORRIS LAMPREY *vs*. EDWARD LANGEVIN.

## June 29, 1878.

Certain matter offered as evidence, *held*, to be too vague and uncertain to be material.

Appeal by defendant from an order of the district court for Ramsey county, *Wilkin, J.*, presiding, refusing a new trial.

*Allis & Allis*, for appellant.

*Morris Lamprey*, for respondent.

BERRY, J. This action was brought to recover pay for certain services rendered to defendant by plaintiff as an attorney and counsellor-at-law, alleged to be of the value of three hundred and eighty dollars. The plaintiff, having introduced testimony tending to prove the allegations of his complaint, rested. The defendant, in his own behalf, testified that after the two actions, for his services in connection with which the plaintiff seeks to recover, were commenced against the defendant, he went to the plaintiff to see him about defending them. The defendant's counsel then asked the defendant, what the plaintiff said to him, if anything, in reference to the probable costs of defending said actions? This question called for the mere conjecture of the plaintiff as to the probable amount of the costs referred to. The important issues in the case related to the extent and value of the plaintiff's services. The evidence called for by the question had no tendency to show what such extent or value was. It was, therefore, entirely irrelevant, and properly excluded.

Defendant then offered to prove that when he went to plaintiff, to see him about defending said actions, plaintiff stated to him that there was a large number of similar actions pending, and "that the value of the plaintiff's services in defending the defendant's cases would be less on that account." The defendant argues that this offer was not made with the view of establishing any contract between the parties, (no such contract having been pleaded,) but as something which it was proper for the jury to take into consideration in estimating and determining the value of the plaintiff's alleged services.

We think the evidence offered too vague and uncertain to be of any account. The inquiry was, what were certain services worth? Proof having been made that, in ordinary circumstances, they were worth a given price, it is of no avail to show that in peculiar circumstances they were worth less, unless it is also shown how much less; for, without the latter showing, no *data* are furnished to the jury enabling them to arrive at any definite amount of allowance to be made on account of the peculiar circumstances mentioned. As it does not appear that this uncertainty and vagueness of the evidence offered was cured, or proposed to be cured, by other evidence, the evidence offered was properly rejected as immaterial.

Order affirmed.